**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000808
29-JUN-2017
08:28 AM**

NO. CAAP-16-0000808

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I,
Plaintiff-Appellant,
v.
ALBERTO GARCIA,
Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 14-1-1999)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Chan, JJ.)


Plaintiff-Appellant State of Hawai'i (State) appeals from the "Findings of Fact and Conclusions of Law and Order Granting Defendant's Motion to Dismiss Count 1 of the Indictment for Lack of Probable Cause" (Order Granting Motion to Dismiss) filed on October 17, 2016 in the Circuit Court of the First Circuit (circuit court).[1] On December 24, 2014, the State charged Defendant-Appellee Alberto Garcia (Garcia) with Promoting Prison Contraband in the First Degree (Count 1). Count 1 states:

On or about January 30, 2014, in the City and County of Honolulu, State of Hawai'i, ALBERTO GARCIA, a person confined in Oahu Community Correctional Center, a correctional or detention facility, did intentionally possess a drug, to wit, AB-FUBINACA, thereby committing the offense of Promoting Prison Contraband in the First Degree in violation of Section 710-1022(1)(b) of the Hawaii Revised Statutes. Pursuant to Section 710-1022(2) of the Hawaii Revised Statutes, a "drug" shall include dangerous drugs, detrimental drugs, harmful drugs, intoxicating compounds, marijuana and marijuana concentrates as listed in Section

---

[1] The Honorable Shirley M. Kawamura presided.

712-1240 of the Hawaii Revised Statutes; a drug may only be possessed by or conveyed to a confined person with the facility administrator's express prior approval and under medical supervision. **Pursuant to Section 712-1240 of the Hawaii Revised Statutes, "intoxicating compounds" means any compound, liquid or chemical containing toluol, hexane, trichloroethylene, acetone, toluene, ethyl acetate, methyl ethyl ketone, trichloroethane, isopropanol, methyl isobutyl ketone, methyl cellosolve acetate, cyclohexanone, or any other substance for the purpose of inducing a condition of intoxication, stupefaction, depression, giddiness, paralysis or irrational behavior, or in any manner changing, distorting or disturbing the auditory, visual or mental processes.** For the purposes of Section 712-1240 of Hawaii Revised Statutes, any such condition so induced shall be deemed to be an intoxicated condition.

(Emphasis added.) On October 17, 2016, the circuit court granted Garcia's "Motion to Dismiss Count 1 of Indictment for Lack of Probable Cause" (Motion to Dismiss) because it concluded that AB-FUBINACA was not an "intoxicating compound" under Section 712-1240 of the Hawaii Revised Statutes (HRS).[2]

On appeal, the State contends that the circuit court erred in: (1) failing to make a finding of fact that AB-FUBINACA is an "intoxicating compound" as the term would be commonly understood; (2) concluding that "[t]he definition of 'intoxicating compound' in HRS § 712-1250(1) is identical to the definition of 'intoxicating compound' in HRS § 712-1240;" and (3) concluding that AB-FUBINACA was not an "intoxicating compound" under HRS §§ 710-1022 and 712-1240.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

(1) The State argues that the circuit court erred in failing to make a finding of fact that AB-FUBINACA is an "intoxicating compound" as "that term would be commonly understood." However, we reject this argument, as Garcia was charged under HRS § 710-1022,[3] which limits the term

---

[2] After the date of the instant offense, AB-FUBINACA was added to the list of "Schedule I" substances, and thus it now falls within the definition of a "[d]angerous drug[]" under HRS §§ 710-1022 and 712-1240. See HRS § 329-14(g)(15) (Supp. 2016).

[3] HRS § 710-1022 (2014) provides, in relevant part:

**§ 710-1022 Promoting prison contraband in the first degree.**

"intoxicating compounds" to its definition under HRS § 712-1240.

(2)(3)   The State also argues that the circuit court erred in concluding that "[t]he definition of 'intoxicating compound' in HRS § 712-1250(1) is identical to the definition of 'intoxicating compound' in HRS § 712-1240," and thus, pursuant to the holding in State v. Kahalewai, 56 Haw. 481, 541 P.2d 1020 (1975), AB-FUBINACA was not an "intoxicating compound[]" under HRS §§ 710-1022 and 712-1040.

HRS § 712-1240 (2014) defines "[i]ntoxicating compounds" as:

> [A]ny compound, liquid or chemical containing toluol, hexane, trichloroethylene, acetone, toluene, ethyl acetate, methyl ethyl ketone, trichloroethane, isopropanol, methyl isobutyl ketone, methyl cellosolve acetate, cyclohexanone, or any other substance for the purpose of inducing a condition of intoxication, stupefaction, depression, giddiness, paralysis or irrational behavior, or in any manner changing, distorting or disturbing the auditory, visual or mental processes.

HRS § 712-1250(1)(a) (2014) provides, in relevant part:

> (1) A person commits the offense of promoting **intoxicating compounds** if the person knowingly:
>
> (a) Breathes, inhales, or drinks **any compound, liquid, or chemical containing toluol, hexane, trichloroethylene, acetone, toluene, ethyl acetate, methyl ethyl ketone, trichloroethane, isopropanol, methyl isobutyl ketone, methyl cellosolve acetate, cyclohexanone, or any other substance for the purpose of inducing a condition of intoxication, stupefaction, depression, giddiness, paralysis or irrational behavior, or in any manner changing, distorting or disturbing the auditory, visual or mental processes.**

(Emphasis added.)

The definition of "[i]ntoxicating compounds" under HRS

---

> (1) A person commits the offense of promoting prison contraband in the first degree if:
>
> (a) The person intentionally conveys a dangerous instrument or drug to any person confined in a correctional or detention facility; or
>
> (b) Being a person confined in a correctional or detention facility, the person intentionally makes, obtains, or possesses a dangerous instrument or drug.
>
> (2) . . . . A "drug" shall include dangerous drugs, detrimental drugs, harmful drugs, intoxicating compounds, marijuana, and marijuana concentrates as listed in section 712-1240; a drug may only be possessed by or conveyed to a confined person with the facility administrator's express prior approval and under medical supervision.

3

§ 712-1240 is identical to the description of "intoxicating compounds" under HRS § 712-1250(1)(a).

In <u>Kahalewai</u>, the Hawaiʻi Supreme Court applied the statutory construction rule of <u>ejusdem generis</u> in interpreting the term "intoxicating compounds" under HRS § 712-1250(1)(a). The defendant in that case argued that the phrase "or any other substance for the purpose of inducing a condition of intoxication" found in HRS 712-1250(a)(1) resulted in an overbroad definition of "intoxicating compounds" as it could "prohibit the consumption of substances such as alcoholic beverages, tobacco, and even coffee which contains caffeine." <u>Id.</u> at 486, 541 P.2d at 1024. In rejecting the defendant's argument, the supreme court explained:

> Defendant's argument of overbreadth is based upon his construction of Section 1250(1)(a) of the Hawaii Penal Code to include alcohol, tobacco, coffee and numerous other substances which could possibly affect a person's 'mental processes.' It appears to us that the legislature did not intend to include those substances within this statute's prohibition. Under the defendant's interpretation, a person may be confused as to what substances are regulated by Section 1250(1)(a). This seems to have been the concern of the court below as appears from its query to the prosecutor: 'How is a person to know?'
>
> Because of the confusion generated by defendant's construction of Section 1250(1)(a), Hawaii Penal Code, we focus now upon the words of the statute to determine the substances to which it does apply. Grammatically, the specific terms, 'toluol, hexane trichloroethylene, acetone, toluene, ethyl acetate, methyl ethyl kotone, trichloroethane, isopropanol, methyl isobutyl ketone, methyl cellosolve acetate, (and) cyclohexanone' are all objects of the participle 'containing.' The general term 'any other substance' follows those specific terms and is also an object of the participle 'containing.' The general term 'any other substance' is not a phrase separate from the other objects of the participle 'containing.' Therefore, all the objects of that participle should be construed together.
>
> We recently stated in <u>State v. Rackle</u>, 55 Haw. 531, 534, 523 P.2d 299, 302 (1974):
>
>> 'Where words of general description follow the enumeration of certain things, those words are restricted in their meaning to objects of like kind and character with those specified. . . . This is the rule of ejusdem generis often utilized by the courts in the construction of statutory law. This doctrine is especially applicable to penal statutes, which must be strictly construed.'
>
> Applying this rule, we held in <u>Rackle</u> that the term 'other deadly or dangerous weapon,' as used in HRS s 134-51 (1973 Supp), preceded by the terms 'dirk, dagger, blackjack, slug

(sic) shot, billy, metal knuckles, (and) pistol,' included only instruments which were designed as offensive weapons and therefore could not include a flaregun designed as an emergency signalling device. We subsequently applied the reasoning of Rackle to hold that a diver's knife is not a 'dangerous weapon.' State v. Giltner, 56 Haw. 374, 537 P.2d 14 (1975).

Applying the rule of ejusdem generis to Section 1250(1)(a), Hawaii Penal Code, we hold that the general term 'any other substance' means any other substance similar to the enumerated specific compounds which immediately precede the general term. All of the specific terms stated in Section 1250(1)(a) describe various violatile [sic] organic liquid solvents commonly used, for example, in gasoline, glues, cleaning fluid, and various types of paint. None of the specifically defined substances is used as a food or beverage. For purposes of illustration, tricholoroethylene, acetone, and ethyl acetate are commonly used in varnish; toluol, toluene, acetate, and ethyl acetate are commonly used in lacquer; and, isopropanol and cyclohexanone are commonly used in shellac. See Robert H. Dreisbach, Handbook of Poisoning (4th ed. 1963); The Merck Index (8th ed. 1968). Defendant has made no contention that alcoholic beverages, tobacco, coffee or the other substances he has mentioned are volatile organic liquid solvents and we have found no authority to support such a contention. Therefore, since Section 1250(1)(a) as correctly interpreted applies only to the stated classification, we decline to hold that the substances mentioned by defendant are regulated by Section 1250(1)(a).

Id. at 487-89, 541 P.2d at 1025-26. In other words, the supreme court concluded that if a substance does not contain "toluol, hexane, trichloroethylene, acetone, toluene, ethyl acetate, methyl ethyl ketone, trichloroethane, isopropanol, methyl isobutyl ketone, methyl cellosolve acetate, [or] cyclohexanone," in order to be considered an "intoxicating compound[]" under HRS § 712-1250(1)(a), the substance must contain "violatile [sic] organic liquid solvents commonly used." Id. at 489, 541 P.2d at 1026.

The Kahalewai court's reasoning and interpretation of HRS § 712-1250(1)(a) is directly applicable here in interpreting the identical language of HRS § 712-1240 that defines "[i]ntoxicating compounds." Here, it is undisputed that AB-FUBINACA does not contain toluol, hexane, trichloroethylene, acetone, toluene, ethyl acetate, methyl ethyl ketone, trichloroethane, isopropanol, methyl isobutyl ketone, methyl cellosolve acetate, or cyclohexanone. Therefore, in order for AB-FUBINACA to be considered an "[i]ntoxicating compound[]" under HRS § 712-1240, it must contain a volatile organic liquid

solvent. At the grand jury proceedings, Special Agent Shirley Brown described AB-FUBINACA as a "synthetic cannabinoid," not a volatile organic liquid solvent. The State does not challenge the circuit court's findings that AB-FUBINACA is not a volatile organic liquid solvent. Accordingly, we conclude that AB-FUBINACA is not an "intoxicating compound[]" under HRS §§ 710-1022 and 712-1240.

Based on the foregoing, we affirm the circuit court's "Findings of Fact and Conclusions of Law and Order Granting Defendant's Motion to Dismiss Count 1 of the Indictment for Lack of Probable Cause" entered on October 17, 2016.

DATED: Honolulu, Hawai'i, June 29, 2017

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Defendant-Appellant.

Alen M. Kaneshiro
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6